UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Case No. 07-355 (JDB) |
| v. : | |
| : | |
| FRANCISCO MARTINEZ, : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this memorandum in aid of sentencing in the above-referenced case. For the reasons that follow, and any other reasons that may be cited at the sentencing hearing, the United States respectfully requests that the Court sentence the defendant to a 48-month term of imprisonment.

On December 20, 2007, a grand jury returned a one-count indictment charging the defendant with Unlawful Possession With Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). On March 5, 2008, the defendant pleaded guilty to the lesser-included offense of Unlawful Possession With Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

At the plea hearing, the defendant agreed – both in writing and orally, under oath – with the government's proffer of evidence in support of the plea. The written factual proffer was as follows:

On multiple occasions over the past few years, the defendant, Francisco Martinez, purchased cocaine from Lorenzo Coca, sometimes in half-kilogram amounts. Thereafter, the defendant re-sold the cocaine to various customers in the District of Columbia and its metropolitan area.

On November 20, 2007, while under surveillance by members of the Drug Enforcement Administration ("DEA"), the defendant purchased and received approximately a half-kilogram of cocaine from Coca in the parking lot of a shopping center in Adelphi, Maryland. The defendant intended to distribute that cocaine to his

customers.  However, the defendant's automobile was subsequently stopped in Northwest Washington, D.C., and DEA members recovered from the vehicle 498.6 grams of cocaine that the defendant had just purchased from Coca.  The defendant was then placed under arrest.

Over the course of his dealings with Coca, the defendant was accountable for distributing at least two kilograms of cocaine.

Proffer of Evidence (Document 5) ¶¶ 1-3; Presentence Investigation Report ("PSR") ¶¶ 6-8.  See also Plea Agreement (Document 7) ¶ 2 (defendant agreed that he was accountable for "at least 2 kilograms but less than 3.5 kilograms of cocaine").

The government agrees that the defendant's range under the Sentencing Guidelines, based on a total offense level of 23 and a criminal history category of I, is 46 to 57 months of imprisonment.  PSR ¶¶ 12-24, 55.  See Gall v. United States, 128 S. Ct. 586, 596 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.").  The government submits that a sentence of 48 months of imprisonment would be just and reasonable under the circumstances of this case.

The government appreciates the defendant's early acceptance of responsibility and lack of prior criminal convictions.  However, we note that on multiple occasions the 31-year-old defendant has been arrested on serious charges (e.g., Assault With Intent to Rob (1998), Possession With Intent to Distribute Cocaine (2001), Unauthorized Use of a Motor Vehicle (2002)).  PSR ¶¶ 25, 28-29.  See United States v. Brown, 516 F.3d 1047, 1053 (D.C. Cir. 2008) ("The all-inclusive language of both the Guidelines and 18 U.S.C. § 3661 makes clear that a defendant's arrest record may properly be considered as part of his 'background.'").  Those prior arrests evidently did not deter the defendant from engaging in the serious and repeated drug trafficking conduct that underlies this case.  We believe that a sentence of 48 months of incarceration, which is within the Guidelines range (albeit near the low end

of that range), would serve to deter the defendant from engaging in like conduct in the future and thus would be protective of the public. See, e.g., United States v. Reed, 522 F.3d 354, 364 (D.C. Cir. 2008) (it was "a legitimate sentencing concern" for sentencing court that "because [the defendant] committed armed bank robbery when he was almost 40 – an age at which criminal behavior is expected to have waned – recidivism was likely and therefore a significant prison sentence was necessary to protect the public"). In addition, such a sentence would appropriately reflect the seriousness of the defendant's conduct, promote respect for the law, and provide just punishment. In short, when balancing the factors set forth in 18 U.S.C. § 3553(a), the government believes that the proposed 48-month term of incarceration is fair and just under the circumstances of this case.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to, inter alia, 48 months of imprisonment.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

By:     /s/
_____
Gregory G. Marshall
Assistant United States Attorney
CT Bar No. 409959
555 Fourth Street, N.W., Room 4126
Washington, DC 20530
office: 353-7557; facsimile: 514-8707
gregory.marshall@usdoj.gov